## Mark Eric JORDEN v. ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 00-819 38 S.W.3d 914

Court of Appeals of Arkansas
Division IV
Opinion delivered February 28, 2001

*Floyd J. Taylor, Jr.*, for appellant.

*Kathy L. Hall*, for appellee.

*Sharon M. Fortenberry*, attorney ad litem for minor children.

JOHN F. STROUD, JR., Chief Judge. On October 25, 1999, appellee, Arkansas Department of Human Services, filed a petition for emergency custody of three children, Paris, Mark, and Jasmine Harding. The petition was prompted by a report from the Child Abuse Hotline, alleging that the five-year-old child, Paris Harding, "had open wounds and bruises on both sides of his buttocks [and] the open wounds stained his underpants and were stuck to his skin." The report also alleged that the child had stated that his father had hit him with a stick. Although no order of paternity has been entered, it appears to be undisputed that appellant, Mark Jorden, is the children's natural father. The mother, Celestine Harding, verified by affidavit that he was the biological father and that he had sole physical custody of the children. The children were living with him at the time the petition was filed, and he was identified as their putative father in the petition. Appellant was notified of the dependent-neglect proceedings and appeared with his attorney at the hearing; however, he was not allowed to participate. The trial court determined "that although Mark Eric Jorden is the putative father of the juveniles and had physical custody of the juveniles, he was not a legal custodian or a legal guardian of the juveniles [and the] Court is therefore satisfied that Mark Eric Jorden, as a putative father of the juveniles, lacks standing to contest the dependency/neglect proceeding." Following the hearing, the trial court concluded that the children were dependent-neglected and that they should remain in DHS custody. We reverse and remand.

For his first point of appeal, appellant contends that the trial court erred as a matter of law in denying him standing. Appellee acknowledges error in this regard, and we agree. Appellant focuses much of his argument in his brief on his position that he satisfied the statutory definition of a custodian, and thereby achieved standing. While we do not necessarily disagree with his position, we think his standing in the case is clearly satisfied by his status as the putative father, which was at all times acknowledged by the trial court and the parties.

Arkansas Code Annotated section 9-27-311 (Supp. 1999), delineates the necessary contents of a petition filed pursuant to the provisions of the Juvenile Code:

> (a) The petition shall set forth the following:
>
> . . . .
>
> (6) In a dependency-neglect proceeding, the name and address of a putative parent, if any.
>
> . . . .
>
> (c) All persons named in subdivisions (a)(1) - (3) and (6) of this section shall be made defendants and served as required by this subchapter, except that all actions filed pursuant to § 9-27-310(b)(4)(D) shall be required to name as defendants only the mother, the putative father, and the presumed legal father, if any.

 "Putative father" is defined by the Code as "any man not deemed or adjudicated under the laws of the jurisdiction of the United States to be the biological father of a juvenile who claims or is alleged to be the biological father of the juvenile." Ark. Code Ann. § 9-27-303(34) (Supp. 1999). Both appellant and the children's biological mother alleged that appellant was the biological father, so he clearly fits within this definition. As a "putative father," appellant was made a defendant in this action pursuant to subsection (c) above. He clearly had standing, and the trial court erred in finding otherwise. Moreover, we cannot presume that the results of any of the issues will be the same once appellant is allowed to participate in the proceedings on remand. Therefore, our conclusion that the trial court erred in finding that appellant had no standing is determinative of all the issues raised on appeal, requiring that we reverse and remand on all of them.

 Consequently, it is not necessary to address the remaining issues raised by appellant except to the extent that such issues are likely to arise in the retrial of this case. The only issue that we anticipate is likely to arise again involves appellant's objection to hearsay testimony by the attorney *ad litem* in the case. With respect to that issue we simply remind the trial court that "[u]nless otherwise indicated, the Arkansas Rules of Evidence shall apply" to juvenile proceedings. Ark. Code Ann. § 9-27-325(e) (Supp. 1999).

Reversed and remanded.

BIRD and VAUGHT, JJ., agree.